# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SEYMOUR EHRENPREIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 09 C 4192 |
| ) | |
| DAVID M. COOGLE, a/k/a David Zelenak, ) | Judge Rebecca R. Pallmeyer |
| individually and as president of Nutmeg Stamp ) | |
| Sales, Inc.; LAURENCE GIBSON, individually ) | |
| and as chief executive officer of Nutmeg Stamp ) | |
| Sales, Inc. and also as chief operating officer and ) | |
| president of North American and Asian Operations ) | |
| of the Escala Group, Inc.; MARK SOMMER; ) | |
| NUTMEG STAMP SALES, INC., a Connecticut ) | |
| business entity not incorporated, d/b/a Nutmeg ) | |
| Stamp Sales, a division of Escala Group, Inc.; ) | |
| ESCALA GROUP, INC., a Delaware business ) | |
| corporation, n/k/a SPECTRUM GROUP ) | |
| INTERNATIONAL, INC; and GREG MANNING ) | |
| AUCTIONS, INC., a Delaware business corporation, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Seymour Ehrenpreis signed a contract in which he agreed to consign his numismatic and philatelic collections to Defendants. Plaintiff alleges that the Defendants broke several promises to him and sold his collections for much less than they were worth. He has sued Defendants, claiming negligent misrepresentation, fraud, conversion, conspiracy, and breach of fiduciary duty; in addition to his claims for damages, he seeks rescission and an accounting. After Plaintiff filed his suit in Illinois state court, the Defendants removed it to federal court based on diversity of citizenship. Defendants have now moved for dismissal based on a forum-selection clause in the contract. In the alternative, Defendants seek a transfer to the United States District Court for the Southern District of New York. Plaintiff challenges the validity of the contract, but precedent requires the court to enforce the forum-selection clause. For the reasons stated below, Defendants' motion is granted, and the case is transferred.

## DISCUSSION

The consignment agreement contains the following clause:

> This Agreement shall be construed in accordance with the laws and regulations of the state of New York, and you [Plaintiff] agree that any action pertaining to or arising from this Agreement shall be venued in the State or Federal Courts of New York.

(Compl., Dkt. 42, Ex. B.) Plaintiff argues that the court should not enforce the clause because, first, the agreement itself is unconscionable and was procured by fraud. He also argues that the clause itself is not mandatory, that the clause is overbroad, and that litigating in New York is unjust and impossible. Finally, Plaintiff argues that his claim for conversion should not be dismissed because it falls outside the scope of the clause.

The Seventh Circuit has held that the validity of a forum-selection clause is to be determined "by reference to the law of the jurisdiction whose law governs the rest of the contract in which the clause appears." *Abbott Labs. v. Takeda Pharmaceutical Co.*, 476 F.3d 421, 423 (7th Cir. 2007); *accord Yavuz v. 61 MM, Ltd.*, 465 F.3d 418, 428 (10th Cir. 2006); *but see Wong v. PartyGaming Ltd.*, 589 F.3d 821, 827-28 (6th Cir. 2009) (joining six circuits in applying federal law to determining the validity of a forum selection clause). Thus, even though neither Plaintiff nor Defendants have noted the impact of this holding, the court must apply New York law, under which forum-selection clauses are "are prima facie valid and enforceable unless shown by the resisting party to be unreasonable." *Brooke Group Ltd. v. JCH Syndicate 488*, 87 N.Y.2d 530, 534, 663 N.E.2d 635, 637-38 (1996).

Under New York law, even when a contract is procured by fraud, a forum clause within the contract must be enforced absent an argument that the clause itself was procured by fraud. *Harry Casper, Inc. v. Pines Associates, L.P.*, 861 N.Y.S.2d 820, 821 (N.Y. App. Div. 2008). As the Seventh Circuit has explained, that rule avoids the "absurdity" that would arise if the law required this court to determine that the contract were valid before sending the case to a different court for

2

*another* determination of the contract's validity. *Muzumdar v. Wellness Int'l Network, Ltd.*, 438 F.3d 759, 762 (7th Cir. 2006). Just as a court ruling on a mandatory-arbitration clause is barred from considering any provisions of the contract other than that clause, so this court is barred from considering the provisions of the contract beyond the forum-selection clause. *Stephan v. Goldinger*, 325 F.3d 874, 879 (7th Cir. 2003) (*citing Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 (1967) *and other cases*). In his amended complaint, Plaintiff attempts to escape from this restriction by asserting a claim for rescission, but the attempt is unsuccessful; a suit for rescission is an "action pertaining to or arising from" the agreement. *Triangle Equities Inc. v. Listokin*, 788 N.Y.S.2d 14, 14 (N.Y. App. Div. 2004) (interpreting similar language in mandatory-arbitration clause); *Harter v. Iowa Grain Co.*, 220 F.3d 544, 550-51 (7th Cir. 2000) (same). Plaintiff cites several cases that acknowledge a court's power to order rescission of a contract that was obtained by fraud, thereby cancelling the contract and restoring the parties to the *status quo ante.* *E.g., 23-25 Building Partnership v. Testa Produce, Inc.*, 381 Ill. App. 3d 751, 757-58, 886 N.E.2d 1156*,* 1163 (1st Dist. 2008). None of those cases, however, address the enforceability of a forum-selection clause in determining which court will decide the claim for rescission.

Although Plaintiff does not argue that the forum-selection clause itself was procured by fraud, he argues that the contract was so permeated by fraud that it is void *ab initio.* (Pl's Memo, Dkt. 43, at 5-8.) New York courts have recognized that a forum-selection clause may be unenforceable when the contract itself is void, though courts in other jurisdictions have not. *Compare Studebaker-Worthington Leasing Corp. v. New Concepts Realty, Inc.*, 887 N.Y.S.2d 752, 756 (N.Y. App. Div. 2009); *DeSola Group, Inc. v. Coors Brewing Co.*, 605 N.Y.S.2d 83, 84 (N.Y. App. Div. 1993) *with Stephan*, 325 F.3d at 879; *IFC Credit Corp. v. Rieker Shoe Corp.*, 378 Ill. App. 3d 77, 93, 881 N.E.2d 382, 395 (1st Dist. 2007). In any event, the exception does not help Plaintiff because his allegations do not rise to the level of fraud that was alleged in *Studebaker-Worthington* or *DeSola Group.* In those cases, the parties resisting the forum-selection

clause alleged in their complaints—the allegations in *Studebaker-Worthington* were supported by affidavits—that the other party had made such gross misrepresentations that they were tricked into agreement. In *DeSola Group*, defendant had represented that the sole purpose of the document (which made no mention of the services for which the defendant had retained plaintiff) was to assign a billing number for accounting purposes. *DeSola Group*, 605 N.Y.S.2d at 84. And in *Studebaker-Worthington*, the misrepresentation was that a 60-month equipment rental agreement was non-binding and risk free. *Studebaker-Worthington Leasing Corp.*, 605 N.Y.S.2d at 84.

Here, Plaintiff has not alleged that Defendants tricked him into signing the contract by grossly misrepresenting what he was in fact agreeing to. Although he alleges that Defendants never called his attention to the forum-selection clause and did not give him enough time to read the agreement, his primary allegations are that Defendants did not abide by the terms of the contract or their oral promises to him. (Compl., Dkt. 42, ¶¶ 33, 35-37, 43-48, 58-61.) Even if some terms in the contract did not match up with the Defendants' oral promises or the Defendants did not encourage Plaintiff to read the contract carefully, Plaintiff does not suggest that he did not know he was signing a consignment agreement or that he did not have an opportunity to read its terms. *See Arnav Industries, Inc. Retirement Trust v. Brown, Raysman, Millstein, Felder & Steiner, L.L.P.*, 96 N.Y.2d 300, 304, 751 N.E.2d 936, 939 (2001) ("[A] party who signs a document is conclusively bound by its terms absent a valid excuse for having failed to read it."). Plaintiff is an emeritus professor of biochemistry and pharmacology, the author of several books, and an experienced expert witness. *Schlager v. Washington*, 113 F.3d 763, 767 (7th Cir. 1997); *Moore v. Retter,* 594 N.E.2d 122, 127 (Ohio Ct. App. 1991); A MODERAXL MOMENT WITH SEYMOUR EHRENPREIS, PH.D., http://www.moderaxl.com/about-us/seymour-ehrenpreis.php (last visited Mar. 22, 2009). He had a meaningful choice whether to make the agreement, so, in addition to the fraud argument, an argument for procedural unconscionability fails as well. *Lawrence v. Miller*, 11 N.Y.3d 588, 595, 901 N.E.2d 1268, 1271-72 (2008) (contract is unenforceable for procedural unconscionability based

4

on "an absence of meaningful choice on the part of one of the parties"). And Plaintiff points to no terms of the contract that are so unreasonably favorable to Defendants that the contract is substantively unconscionable. *Id.* (contract is unenforceable for substantive unconscionability based on "contract terms which are unreasonably favorable to the other party").

Plaintiff next argues that the forum-selection clause should not be enforced because its language is not mandatory and its choice of venue—"the State or Federal Courts of New York"—is overbroad. (Pl's Memo, Dkt. 43, at 10, 18-20.) Again, the court must overrule Plaintiff's objections. First, there is no question that "shall" is mandatory. *Micro Balanced Products Corp. v. Hlavin Industries Ltd.,* 667 N.Y.S.2d 1, 2 (N.Y. App. Div. 1997) (collecting cases). Case law defeats the overbreadth objection as well. Although a party bringing an "action pertaining to or arising from" the agreement has many choices of courts within the state of New York, that fact by itself does not render the forum-selection clause unenforceable. New York courts routinely enforce similar clauses. *E.g., Boss v. American Express Financial Advisors, Inc.*, 6 N.Y.3d 242, 844 N.E.2d 1142 (2006) (enforcing clause requiring all disputes to be decided in "State of Minnesota courts"); *Insurance Co. of North America v. ABB Power Generation, Inc.*, 91 N.Y.2d 180, 690 N.E.2d 1249 (1997) (enforcing clause requiring all disputes to be litigated in New York); *see also Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991) (enforcing clause requiring all disputes to be litigated "in and before a Court located in the State of Florida").

Plaintiff's remaining challenges to the enforcement of the clause fare no better. Plaintiff urges that the clause ought not require him to litigate in New York because he will be unable to obtain personal jurisdiction over the Defendants there. (Pl's Memo, Dkt. 43, at 10.) By agreeing to the forum-selection clause, though, Defendants consented to personal jurisdiction in New York. *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 103 (2nd Cir. 2006); *Sterling Nat'l Bank ex rel. NorVergence, Inc. v. Eastern Shipping Worldwide, Inc.*, 826 N.Y.S.2d 235, 237 (N.Y. App. Div.

2006) ("the 'very point' of forum selection clauses . . . is to avoid litigation over personal jurisdiction").

Plaintiff urges that Defendants' lack of contacts to New York suggest that Defendants are attempting to use the forum-selection clause for tactical advantage only, a concern the court shares. Defendants have explained, however, that even though Defendant Escala Group, Inc., has moved its headquarters from New York to California, it maintains significant ties to New York and the individual Defendants continue to live and work close to New York City. (Meltzer Declaration, Dkt. 37, ¶¶ 4-5.)

Plaintiff observes that it will be difficult for him to litigate the case in New York because he is 82 years old, lives in the Northern District of Illinois, and will rely on evidence and witnesses located in Illinois. (Pl's Memo, Dkt. 43, at 20.) New York courts entertain such concerns; relying on a test adopted by the Supreme Court in the admiralty context, courts have held that a forum-selection clause will not be enforced if "trial in the contractual forum will be so gravely difficult and inconvenient" that the party resisting the clause will "for all practical purposes be deprived of his day in court." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 17-18 (1972); *Studebaker-Worthington Leasing Corp.*, 887 N.Y.S.2d at 756; *Horton v. Concerns of Police Survivors, Inc.*, 878 N.Y.S.2d 793, 794 (N.Y. App. Div. 2009). Again, however, Plaintiff's allegations do not rise to that level.

The court is not unsympathetic to the challenges that an 82-year-old might face in traveling to New York, but those challenges are not so great that Plaintiff will be "deprived of his day in court." *Cf. Caputo v. Holland America Line, Inc.*, No. 08-CV-4584, 2009 WL 2258326, at *4 (E.D.N.Y. July 29, 2009) (elderly plaintiff for whom travel was difficult but still feasible was bound by forum-selection clause to litigate in Washington State); *Horton*, 878 N.Y.S.2d at 794 (single mother who resided with teenage daughter in New York was bound by forum-selection clause to litigate in Missouri). Moreover, Plaintiff's travel may not even be necessary. As the Second Circuit explained in a case where a plaintiff objected to litigating her case in Greece, "[a] plaintiff may have his 'day in court' without ever setting foot in a courtroom." *Effron v. Sun Line Cruises, Inc.*, 67 F.3d

7, 11 (2d Cir. 1995). Modern communication technology may allow Plaintiff to be substantially involved in his case without leaving Illinois. *See Carron v. Holland Am. Line-Westours Inc.*, 51 F. Supp. 2d 322, 326 (E.D.N.Y. 1999); *see also* FED. R. CIV. P. 43(a) (permitting, in certain situations, "testimony in open court by contemporaneous transmission from a different location").

Finally, Plaintiff argues that his claim for conversion is not covered by the forum-selection clause. (Pl's Memo, Dkt. 43, at 21.) The conversion claim rests on allegations that the Defendants took possession of Plaintiff's items in violation of the consignment agreement. (Compl., Dkt. 42, ¶¶ 92-98.) That is, the success of the claim is intertwined with interpreting the contract. Thus, Plaintiff's conversion claim must be litigated in New York because it is an "action pertaining to or arising from" the contract. *Hugel v. Corp. of Lloyd's*, 999 F.2d 206, 209 (7th Cir. 1993); *Cfirstclass Corp. v. Silverjet PLC*, 560 F. Supp. 2d 324, 329 (S.D.N.Y. 2008).

Accordingly, Defendants' Motion to Dismiss for Improper Venue or in the Alternative to Transfer [5] is granted. Because the court finds that transfer is in the interests of justice, 28 U.S.C. § 1406(a), the action is transferred to United States District Court for the Southern District of New York.

ENTER:

Dated:   March 22, 2010

_____
REBECCA R. PALLMEYER
United States District Judge

7